On Rehearing.
SOMMERVILLE, J.
Counsel for defendants say on their brief:
“Briefly stated, our position is: The Constitution prohibits the collection of taxes by the municipalities on a different assessment from *315 that on which the state collects its taxes, but it does not prohibit the municipal authorities from participating- in the fixing of the assessments, when authorized by law to do so.”
To the General Assembly alone the Constitution gives the right to provide and establish a method of assessment of property throughout the state for taxation. The restrictions are that taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax, and that all property shall be taxed in proportion to its value, provided the assessment of all property shall never exceed the actual cash value thereof, and that taxpayers shall have the right of contesting the correctness of their assessments before the courts of justice.
In order to arrive at this equality and uniformity, the General Assembly is directed to provide a system of equality and uniformity in assessments based upon the relative value of the property in different portions of the state. And the Constitution further provides that the valuations put upon property for the purposes of state taxation shall be taken as the proper valuation for purposes of local taxation in every subdivision of the state. Constitution, arts. 224 and 225.
In the case now before the court, plaintiff is not complaining of any action of the parish assessor who has made the assessment of her property, together with that of others owning property in the city of Gretna, for the year 1914. I-Ier complaint is confined to the acts of the municipal tax collector and the city officials of Gretna, who have raised the assessment on her property and have reduced the assessments on the property of the several defendants in this case, for the year 1914, thus attempting to make her and them pay taxes on assessments in the city of Gretna which are not the same as the assessments made for state and parish taxation during that same year. And she says that these officers cannot lawfully do these things. The defendant municipal officers .argue-that they are authorized by section 35, p. 240, of Act No. 136 of the General Assembly of 1898, to increase or diminish the valuation of property assessed by the state or parish authorities, and that they had lawful authority to increase the assessment of plaintiff’s property and to decrease the assessments of' their eodefendants’ property in 1914. The provision of the statute referred to has been copied in the original opinion of the court, and it is found in the act entitled:
“An act for the creation and government of municipal corporations throughout the state and defining their powers and duties and providing for the extension or contraction of their limits.”
The title does not indicate that the Legislature was about to legislate upon the matter of the assessment of property for taxation within municipalities throughout the-state. It does not indicate that the act would contain a provision forming a part of a system of assessments in the state. This view is termed superficial by counsel for defendants, and they say it should not be considered, “as it would make the statute clearly unconstitutional, whereas it can be, and, we respectfully submit, should be, otherwise construed.”
Nevertheless, it is a fact that section 35, under consideration, has the effect of authorizing municipalities to make different valuations or assessments of property for municipal taxation from those fixed on the same property for state and parish taxation, and for that reason the section is unconstitutional.
It may well be that the General Assembly,, in its wisdom, might provide that municipal councils or other municipal bodies should form parts of the machinery for making assessments. on property for state, parish and. muiiicipal purposes; and it has done so im constituting police juries throughout the state, and the council of the city of New Orleans,. *317 boards of review, for the respective parishes and the city, to do and perform the duties imposed upon them in the statute. Sections 23 and 70, Acts 1898, p. 358. And in doing so the Legislature has repealed section 35, by excluding tax collectors and municipal councils from performing such duties.
Section 35 of act No. 136 of 1898, p. 240, explicitly provides for municipal assessments, separate and apart from state assessments. It says:
“That the municipal assessment of property for taxation shall be made by the clerk or tax collector, by copying from the parish assessment rolls that portion thereof which embraces property of persons within the corporate limits.
“The mayor and board of aldermen of a city, town, or village, may at a regular or special meeting, to be held in September or October in each year, increase or diminish the valuation of property as assessed for taxation,” etc.
But this provision of Act No. 136, adopted July 13, 1898, it is repeated, was repealed by the General Assembly by the adoption of Act No. 170, approved the next day, July 14, 1898. The latter is the state revenue act, in which is provided a method of assessing property for taxation throughout the state, and every portion of the state; and in the last section it is provided:
“That all laws or parts of laws inconsistent to or in conflict with the Constitution of the state, or are inconsistent with, or contrary or superseded by or in conflict with the provisions of this act, be and the same are hereby repealed, and that the provisions of this act shall take effect from and after its passage and promulgation.”
In section 85 of the later act (page 383) the provisions of that act are made to apply directly to assessments for municipal taxes in the following words:
“The provisions of this act shall apply to the assessment and tax sale of all property for parish and municipal taxes.”
The revenue act provides for parish assessors, except in the city of New Orleans, to assess property within the state, including that within cities, towns, and villages, for taxation. Therein is contained a complete system, involving the auditor, who is charged with furnishing tax lists to be filled out by taxpayers, and for their return by April 1st. Section 3, Act No. 182 of 1906,' p. 333. The rolls must be completed by the assessors by May 1st. - Boards of reviewers, composed of the police juries in the parishes, and of the city council in the city of New Orleans, must meet and review the assessment rolls on the first Monday in June (section 1, act No. 194, 1906, p. 348); and, “if the said list be approved by the reviewers then said assessment rolls or lists shall be final;” if the reviewers do not approve and the assessor does not concur with them, “the valuation (as fixed by the board of reviewers) shall remain as final, unless otherwise ordered and adjudged by the courts as provided by this act” (section 24, p. 359, Acts 1898). In Act No. 182 of 1906, p. 331, a state board of equalization is provided for to pass upon assessments. That board must meet on the third Tuesday in July, and may remain in session for 60 days; but the completed tax rolls must be filed in the mortgage office before September 1st in the parishes, and before June 1st in New Orleans. Sections 30 and 31, p. 364, Acts 1898. The filing of the rolls operates as a lien on the property for the taxes which are due (section 33, p. 365); and “said taxes are due and collectible” as soon as the rolls are filed in the recorder’s office (section 24, p. 365). Suits for reduction of assessments must be filed before November. Section 26, p. 361.
Section 35, being a section of the general act (No. 136 of 1898) is, if not directly, then indirectly, repealed by the later act (No. 170) of the same section; for it is rendered impracticable for the council of any municipality to meet in “September or October of each *319 year” for the purposes of increasing and diminishing the valuation of property as assessed for taxation, which assessments are final before that date,, and the provisions of the .state revenue act are made to “apply to the assessment and tax sales of all property for parish and municipal taxes.”
Section 35, as was stated in the original ■opinion of the court, is inconsistent with article 225 of the Constitution, which says that:
“The valuations. put upon property for the purposes of state taxation shall be taken -as the proper valuation for purposes of local taxation, in every subdivision of the state.”
The amount involved in this case is below the jurisdictional limit of the court, being a contest over a reduction of several assessments, aggregating the sum of $151,000, upon which the municipal tax of ten mills is in contest; and the jurisdiction of the Supreme Court extends only to the constitutional question presented. Plaintiff nowhere complains of assessments for state and parish taxes. Her complaint is that some of the defendants attempted to increase her assessment, and decrease the assessments of the other defendants, which had been made for state purposes, and to collect municipal taxes on said increased and decreased assessments. She alleges clearly:
“That the said resolution or ordinance of the said council of the city of Gretna aforesaid, which increases and decreases the assessments aforesaid, and instructs the said tax collector to collect the municipal tax based upon the said changed assessments aforesaid, is null, void, and of no effect.”
Our former decree is amended, so as to read: Judgment affirmed on the question of •constitutionality; and the case is transferred to the Court of Appeal for the parish of Orleans, to be there disposed of on matters not covered in this opinion. As thus amended, our former decree is reinstated and made the judgment of the court.